JAMES, J.,
concurring in part:
¶ 21. I agree with the majority opinion that the statutory requirements for grandparents’ visitation were met and that it is in the best interest of the minor child that grandparent visitation be awarded. However, it also appears from the record that the court should take certain precautions to ensure that the child’s safety is protected. It appears from the record before us that visitation was properly suspended. Visitation should should not be denied but, rather, it should remain suspended until a proper plan is implemented.
¶ 22. Even though Mississippi Code Annotated section 93 — 5—24(9)(d)(i) (Rev.2013) addresses restrictions on visitation by parents with a history of perpetuating family violence, I see no reason why the same logic should not be used for grandparent visitation. Specifically, section 93-5-24(9)(d)(i) states: “A court may award visitation by a parent who committed domestic or family violence only if the court finds that adequate provision for the safety of the child and the parent who is a victim of domestic or family violence can be made.” Section 93 — 5—24(9)(d)(ii) further provides:
In a visitation order, a court may take any of the following actions:
1, Order an exchange of the child to occur in a protected setting;
2. Order visitation supervised in a manner to be determined by the court;
■ 3. Order the'perpetrator of domestic or family violence to attend and complete to the satisfaction of the court a program of intervention for perpetrators or other designated counseling as a condition of visitation;
*177 4. Order the perpetrator of domestic or family violence to abstain from possession or consumption of alcohol or controlled substances during the visitation and for twenty-four (24) hours preceding the visitation;
5. Order the perpetrator of domestic or family violence • to pay a fee to defray the cost of supervised visitation;
6. Prohibit overnight visitation;
7. Require a bond from the perpetrator of domestic or family violence for the return and safety of the child; or
8. Impose any other condition that is deemed necessary to provide for the safety of the child, the'victim of family or domestic violence, or other family or household member.
¶ 23, The presence of domestic violence and other situations present in the grandparents’ home led to Christopher’s refusal of the grandparents’ visitation with the minor child. I would find that a plan for visitation should be implemented by the trial court which" would obviate the concerns of domestic violence and the safety of the child.
¶ 24. For these reasons, I would affirm the award of grandparent visitation, but would allow visitation to be suspended, and remand the issues of domestic violence and the child’s safety to be fully addressed by the trial court, after which visitation could be reinstated. .The amount of visitation may also be revisited based on the findings of the court as to the allegations of domestic violence and safety concerns.
CARLTON, J., JOINS THIS OPINION IN PART. '